# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 11, 2022

LETTER TO COUNSEL:

RE:    *Carlton J. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
       Civil No. TJS-21-241

Dear Counsel:

On January 28, 2021, Plaintiff Carlton J. petitioned this Court to review the Social Security Administration's final decision to deny his claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Carlton J. protectively filed his application for SSI on June 18, 2018. Tr. 15. He alleged a disability onset date of April 23, 2018. *Id.* His application was denied initially and upon reconsideration. *Id.* Carlton J. requested an administrative hearing, and a telephonic hearing was held on November 3, 2020, before an Administrative Law Judge ("ALJ"). Tr. 33-66. In a written decision dated November 23, 2020, the ALJ found that Carlton J. was not disabled under the Social Security Act. Tr. 12-32. The Appeals Council denied Carlton J.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Carlton J.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 416.920. At step one, the ALJ found that Carlton J. had not engaged in substantial gainful activity since May 21, 2018. Tr. 17. At step two, the ALJ found that Carlton J. suffered from the following severe impairments: vascular insult to the brain, neurocognitive disorder, left hip osteoarthritis, and diabetes. *Id.* At step three, the ALJ found Carlton J.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-20. The ALJ determined that Carlton J. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

perform light work as defined in 20 CFR 416.967(b) except the claimant could lift, carry, push and pull 20lbs occasionally and 10lbs frequently, sit for 6 hours in an 8 hour workday day [sic], stand and walk for 6 hours in an 8 hour workday[,] can only frequently: climb ramps and stairs; balance; stoop; kneel; crouch; and crawl; and can never climb ropes, ladders, or scaffolds. The claimant can only occasionally be exposed to moving mechanical parts and unprotected heights. The claimant is limited to simple, routine tasks, and can only occasionally adjust to changes in workplace settings. The claimant is limited to applying commonsense understanding to carry out uninvolved written or oral instructions. The claimant is limited to dealing with problems involving a few concrete variables in or from standardized situations.

Tr. 20.

At step four, the ALJ determined that Carlton J. was unable to perform past relevant work. Tr. 26. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Carlton J. can perform, including checker, router, and routing clerk. Tr. 26-28. Accordingly, the ALJ found that Carlton J. was not disabled under the Social Security Act. Tr. 28.

Carlton J. argues that the ALJ's RFC determination does not account for his moderate limitation in concentrating, persisting, or maintaining pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Carlton J. has a moderate limitation in his ability to concentrate, persist, or maintain pace. Tr. 19. In making this finding, the ALJ noted that Carlton J. "has no history of interpersonal difficulties. [He] can focus and concentrate to drive a car on public roadways." *Id.* "[He] is independent in doing typical tasks such as household chores, laundry, and shopping. The capacity of financial management is intact." *Id.* The ALJ found that the record showed no more than "moderate limitations in the ability to initiate and perform known tasks, work at an appropriate and consistent pace, complete tasks, ignore or avoid distractions, change activities or work settings, work close to others without interrupting or

distracting them, sustain routine and attendance, and work a full day." *Id.* The ALJ also discussed Carlton J.'s ability to concentrate, persist, or maintain pace later in his decision. Tr. 25. The ALJ found "somewhat persuasive" the March 2019 opinion of the consultative examiner who opined that Carlton J. had the ability to perform some work-related mental activities; understand and remember simple, one-step instructions; sustain attention for extended periods of two-hour segments for simple tasks; tolerate coworkers and supervisors with occasional contact with the public; and, with infrequent changes, simple, routine tasks with no fast-pace production and no stringent quotas. *Id.* The ALJ also found persuasive the opinions of the state consultative psychological examiners who opined that, despite Carlton J.'s moderate limitation in concentrating, persisting, or maintaining pace, he would be able to carry out simple tasks and perform simple, routine work. Tr. 25, 77, 95, 111. "To the extent these opinions find [Carlton J.] may experience intrusion from cognitive limitations, those limitations are balanced as reflected in the examinations, by limiting [him] to simple tasks." Tr. 25.

In this case, unlike *Mascio*, the ALJ adequately explained how Carlton J.'s moderate limitation in concentrating, persisting, or maintaining pace was accommodated in the RFC. The ALJ limited Carlton J. to, among other limitations, "simple, routine tasks." Tr. 20. The ALJ explained that the limitation to simple tasks accounted for Carlton J.'s moderate limitation in concentrating, persisting, or maintaining pace in light of the opinions of the consultative examiner and the state consultative psychological examiners. Tr. 25. The Court finds that the ALJ's RFC determination and related findings are supported by substantial evidence and comply with the dictates of *Mascio*. *See Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations). Because the ALJ's decision complies with the holding in *Mascio*, Carlton J.'s argument is without merit.

For the reasons set forth herein, Carlton J.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge

3